UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JP MORGAN CHASE BANK, N.A.,

    Plaintiff,                                        Case No. 10-cv-11877

v.                                                   HONORABLE STEPHEN J. MURPHY, III

CENTURY TRUSS COMPANY OF
MICHIGAN, L.L.C., and TRILAN, L.L.C.,

    Defendants.
    _____/

## **ORDER OF DISMISSAL**

On June 8, 2010, the Court issued an order directing Plaintiff to show cause in writing why this action should not be dismissed for lack for subject matter jurisdiction. The Court was unable to discern from the allegations in the original complaint whether complete diversity exists because Plaintiff failed to properly allege citizenship of all parties. Plaintiff filed a timely response and an amended complaint.

Plaintiff's purported source of subject matter jurisdiction in this case is diversity jurisdiction under 28 U.S.C. § 1332(a). One of the two requirements of diversity jurisdiction is complete diversity, which means that no party shares citizenship with any opposing party. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005). "[W]henever a party to a diversity suit is neither a business corporation nor a human being, the district judge and the lawyers for the parties must do careful legal research to determine the citizenship of the party rather than content themselves with making a wild stab in the dark ...." *May Dep't Stores Co. v. Fed. Ins. Co.*, 305 F.3d 597, 598 (7th Cir. 2002) (Posner, J.).

In its amended complaint, Plaintiff properly alleges its own citizenship. It alleges it is a national banking association and that its articles of incorporation state that its main office is in New York. Amend. Compl. ¶ 1. Accordingly, it is a citizen of New York for diversity purposes. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

Plaintiff has failed, however, to properly allege the citizenship of the two limited liability company defendants in this case. A limited liability company is deemed a citizen of every state of which its members are citizens. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Plaintiff alleges that Defendant Century Truss Company of Michigan, LLC is a limited liability company and that "all of its members are citizens of Michigan," including Edgemere Enterprises, Inc. and Bergeron Corporation, both alleged to be "Michigan corporations." Amend. Compl. ¶ 3. One could assume that by alleging the two corporations are "Michigan corporations," Plaintiff means that the corporations are incorporated under the laws of Michigan, or that they have their principal place of business in Michigan, or both. The Court will not work from assumptions, however, especially when dealing with jurisdictional issues. As a court of limited jurisdiction, where the presumption is that cases lie outside of the court's jurisdiction, the Court must resolve all doubts in favor of the absence of jurisdiction. Plaintiff has the duty of alleging the state laws under which the two member-corporations are incorporated and the states in which they have their principal place of business. 28 U.S.C. § 1332(c); *see Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (corporation's "principal place of business" is state in which its headquarters is located). As the party seeking the Court's jurisdiction, it is Plaintiff's burden to properly allege the citizenship of these two corporations and it has so far failed to meet this burden.

Plaintiff has also failed to properly allege the citizenship of Defendant Trilan, LLC. Plaintiff alleges that Trilan is an LLC with three members: 1) Edgemere Enterprises, Inc.; 2) Rocramer Limited Partnership; and 3) The Ronald P. Bergeron Trust. Amend. Compl. ¶ 2. The Court has already discussed the deficiencies in Plaintiff's allegations with respect to Edgemere Enterprises' citizenship and will not repeat it here.

There are two problems with the allegations of Rocramer's citizenship. First, Plaintiff alleges that Rocramer's limited partners are all Michigan trusts, but does not allege anything regarding its general partner. A limited partnership, however, is deemed to be a citizen of every state of which its general *and* limited partners are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1994); *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005).

Second, Plaintiff has failed to properly allege the citizenship of the various trusts that make up Rocramer's limited partner. The citizenship of a trust is determined by the citizenship of its trustees and its beneficiaries. *See Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 205 (3d Cir. 2007); *Riverside Mem'l Mausoleum, Inc. v. UMET Trust*, 581 F.2d 62, 65 (3d Cir. 1978). Rather than alleging the identity and citizenship of the trustees and beneficiaries of the various trusts, Plaintiff simply alleges that all of the trusts are "Michigan trusts", and sets forth their Michigan addresses, thereby incorrectly presuming that the physical address of the trust somehow determines its citizenship. This is precisely the type of "wild stab in the dark" that courts and parties are discouraged from making when determining the citizenship of an unincorporated association. *See May, supra.* Plaintiff also makes this incorrect presumption with respect to the third member of Trilan, the Ronald Bergeron Trust.

Plaintiff's failure to properly allege the identity and citizenship of all relevant members of the two defendant limited liability companies prevents the Court from determining whether there is complete diversity. Plaintiff, as the party invoking the Court's jurisdiction, bears the burden of showing that such complete diversity exists. *See Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008). Because it has failed to carry this burden despite two opportunities for doing so, the Court will dismiss the case without prejudice for lack of subject matter jurisdiction. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("Failure to go through all the layers can result in dismissal due to want of jurisdiction.").

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's complaint is dismissed, without prejudice, for lack of subject matter jurisdiction.

**SO ORDERED.**

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: June 22, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 22, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager

4